# EXHIBIT A

**SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS: BY JAMIE ANTHONY, JOHN BATTLE, SR., DANIEL BRIGHT, TITUS BUSSEY, MARVIN JARRETT, KENNETH LAW, FREDERICK NAPIER, DARREN NELSON, RICHARD PEEPLES, KELVIN TURNER, HARDY USHER, ANTHONY WHITE, OCTAVIUS WHITE, CHARLES WILSON, WILLIE WILSON, AND CONCRETE SUPPLY COMPANY, INC.**

This Settlement Agreement and Full and Final Release of All Claims (hereinafter "Agreement") is entered into by and between Jamie Anthony, John Battle, Sr., Daniel Bright, Titus Bussey, Marvin Jarrett, Kenneth Law, Frederick Napier, Darren Nelson, Richard Peeples, Kelvin Turner, Hardy Usher, Anthony White, Octavius White, Charles Wilson, and Willie Wilson (hereinafter, "Plaintiffs") and Concrete Supply Company, Inc. (hereinafter, "Concrete Supply" or "Defendant"). As used in this Agreement, the term "Parties" refers collectively to Plaintiffs and Defendant.

## BACKGROUND INFORMATION

A.    On April 28, 2016, Jamie Anthony and other drivers for Concrete Supply, filed an initial Complaint in the United States District Court for the Northern District of Georgia, Newnan Division, styled *Jamie Anthony, Titus Bussey, Marvin Jarrett, Kelvin Turner, Anthony White, Octavius White and Willie Wilson v. Concrete Supply Company, Inc.,* Civil Action No. 3:14-cv-70-TCB ("Litigation"). John Battle, Sr., Daniel Bright, Kenneth Law, Frederick Napier, Darren Nelson, Richard Peeples, Hardy Usher, and Charles Wilson are "Opt-In Plaintiffs" in the Litigation, which arises out of or otherwise relates to Plaintiffs' employment with Concrete Supply;

B.    In addition to the initial seven Plaintiffs, as of the date of this Agreement, eight (8) other current and former drivers chose to join the Litigation as Opt-In Plaintiffs, as defined in Section A.

C.    In their Complaint and later Amended Complaint, Plaintiffs alleged that Defendant intentionally and willfully failed to pay them overtime compensation on one or more workweeks during the three-year period preceding the filing of the Complaint as required by the Fair Labor Standards Act ("FLSA"). The Plaintiffs also alleged breach of contract claims;

D.    Concrete Supply denies the allegations and claims in the Litigation

and contends that it properly compensated all Plaintiffs in compliance with the FLSA. Concrete Supply further asserts that it acted in good faith at all times and in compliance with the FLSA. Finally, Concrete Supply asserts that it never had, and therefore, never breached any contract with Plaintiffs;

E.     On June 29, 2017, Defendant and each of the Plaintiffs reached agreements to settle all of Plaintiffs' claims against Defendant;

F.     Plaintiffs warrant and represent that they have not assigned any of their claims against Defendant or any other person or entity to be released in this Agreement and that no attorneys other than Douglas R. Kertscher and Jennifer L. Calvert have a claim for attorney's fees and/or costs arising from this Litigation or any of Plaintiffs' claims released in this Agreement;

G.     This Agreement constitutes a good faith settlement of Plaintiffs' disputed claims against Defendant and shall not be deemed, in any manner, an admission, finding, or indication, for any purposes whatsoever, that Concrete Supply or any of its officers, employees and/or other agents violated federal or state law, as alleged in Plaintiffs' Complaint.

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

## STATEMENT OF AGREEMENT

The Parties hereby acknowledge and rely upon as material to this Agreement the Background Information set forth above and further agree as follows:

1.     Consideration. In consideration of this Agreement and the terms and conditions set forth herein, including Plaintiffs' agreement to dismiss, with prejudice, the Litigation, Defendant will tender the total lump sum amount of alleged back pay wages and liquidated damages **$129,500.00** (one hundred twenty-nine thousand five hundred dollars) less applicable deductions and withholdings, to be made payable in accordance with Attachment A, which is hereby incorporated herein by reference.

The above-referenced settlement amount paid to Plaintiffs, as set forth in Attachment A, Section A, shall be paid by check, less all applicable taxes and other required or authorized wage withholdings and reported on IRS form W-2 and its

state tax equivalent ("W-2 payments").  The settlement amount paid to Plaintiffs as set forth in Attachment A, Section B, shall be paid without any deduction for any taxes or other withholdings ("1099 Payments") by separate checks in the amounts stated in Attachment A and reported in box # 3 on IRS Form 1099-MISC and its state tax equivalent.  Plaintiffs represent and warrant that the payments set forth in this Agreement constitute payment of 100% (one hundred percent) of their claims for alleged unpaid back wages and alleged liquidated damages under the FLSA, as well as any breach of contract claim.  Defendant shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement.   Prior to any payments set forth above, Plaintiffs' counsel shall provide Defendant's counsel with an IRS form W-9 reflecting counsel's tax identification number.

Additionally, Defendant agrees to pay the law firm of Hill, Kertscher & Wharton, LLP, the gross amount of $78,500.00 (seventy-eight thousand five hundred dollars) for attorneys' fees and costs in prosecuting the claims of all of the Plaintiffs by within 10 days of approval of this settlement by the Court.  This amount shall be reported as non-wage income to be reported by Hill, Kertscher & Wharton, LLP as 1099 income. This payment of fees and costs is not and will not be duplicative of the fees and costs in any other case between Plaintiff(s) and Defendant.

2.  <u>Dismissal</u>.  After a Joint Stipulation of Dismissal With Prejudice is filed with the Clerk of Court and the case is closed, Defendant will transmit, in full, the payments contemplated herein to Plaintiffs and their counsel within 10 days (or the next business day if such day is a weekend or bank holiday).  If the Court does not approve the dismissal of the Civil Action, this Agreement shall be void *ab initio*.

3.  <u>Release & Waiver of All Claims</u>.  In exchange for the payment set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, each Plaintiff hereby **RELEASES, REMISES AND FOREVER DISCHARGES** Defendant and its owners trustees, officers, administrators, agents, attorneys, insurers, managers, employees, personally and in their respective capacities, their heirs and assigns, and any other person or entity representing or succeeding to any such person or entity, from

(a)  any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to him and whether

discoverable or not, which he may now have against them, either individually, jointly, or severally, before any municipal, state or federal court or administrative agency, based upon acts which have occurred from the beginning of time to the date of this Settlement Agreement and Release; and

(b)   any and all claims, demands, or causes of action arising out of the Litigation and all claims, demands, or causes of action arising out of, either directly or indirectly, Plaintiffs' employment with or separation from employment with Defendant, including, but not limited to, any and all claims arising under the FLSA; Title VII of the Civil Rights Act of 1964; the ADEA; 42 U.S.C. § 1981; the Americans with Disabilities Act; the Employee Retirement Income Security Act of 1974; and any law, constitution, statute, regulation, ordinance, executive order, and the like, or theory at common law or otherwise of the United States or the State of Georgia, including but not limited to claims for negligent hiring and/or retention. Each Plaintiff agrees that he will not attempt (or authorize an attempt) to re-initiate the FLSA claims and any other claims hereby released in any manner and waives the right to recover in any lawsuit or administrative proceeding, whether brought by himself or by the U.S. Department of Labor or EEOC, arising out of, either directly or indirectly, his employment with or separation from employment with Defendant.

(c)   Despite the releases noted in sub-parts 3(a) and 3(b) and without affecting the legal validity of the same (except to the extent noted in this sub-part 3 (c)), specifically with respect to Plaintiff Octavius White, Plaintiff Octavius White does not release or waive any and all claims he may have for alleged violations of the Family Medical Leave Act (FMLA) by Concrete Supply. Plaintiff Octavius White does hereby waive any and all claims referenced in section 3(b) and any and all claims that are not specifically related to the FMLA.

4.   Execution. This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original. Each person executing this Agreement, including execution on behalf of Defendant, warrants and represents that such person has the authority to do so.

5.    Waiver of Right to Seek Re-Employment.   Each Plaintiff agrees to refrain from ever knowingly seeking employment in any capacity with the Defendant or any parent or subsidiary of Defendant Concrete Supply, or with any other entity otherwise owned by or affiliated with Defendant Concrete Supply or any entity owned or operated, whether in whole or in part, by Burt Bailey and/or Larry Bailey.   Each Plaintiff further waives any right or entitlement to such employment and understands and acknowledges that he does not now and will not ever have any right or entitlement to such employment.  (This provision does not apply to Plaintiffs currently employed by Defendant Concrete Supply, including Plaintiff Kelvin Turner).

6.    CONFIDENTIALITY.   In exchange for the understandings and promises set forth in this Agreement, the Parties agree that, except as noted elsewhere in this provision, they shall keep the terms and conditions of this Agreement **completely and strictly confidential, and they warrant that they would not be in breach of this confidentiality provision had it been in effect at 12:01am Eastern Standard Time on June 29, 2017**.

The only exceptions to this Confidentiality Provision are as follows:

(a)    The terms or conditions of this Agreement may be disclosed if required by law, or upon order of an arbitrator or court with jurisdiction; or

(b)    The terms or conditions of this Agreement may be disclosed in order to remedy a breach of any term or condition herein; or

(c)    The Parties may inform their respective legal counsel, tax or financial advisors, or spouse, on the further condition that the disclosing Party advises such individual(s) in advance of disclosure that the terms and conditions of this Agreement are strictly confidential.

Notwithstanding the foregoing, nothing in this Agreement is intended to or shall prevent, impede, or interfere with the Parties truthful testimony and information in the course of an investigation or proceeding authorized by law and conducted by an agency of the United States or the State of Georgia.

7.    Non-Disparagement.   The Parties agree that they will not make any

knowingly false oral or written communication to any person or entity – governmental or otherwise – which disparages the reputation of the other party. Furthermore, the Parties agree not to solicit, encourage, or otherwise cause any such communication to be made by any individual not bound by the terms of this Agreement.

8.    <u>Entire Release</u>.  Each Plaintiff affirms: that the only consideration for his decision to execute and his execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind that have caused him to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including, but not limited to, its final and binding effect; and that he has consulted legal counsel before executing the Agreement.

9.    <u>Amendments</u>.  Any modification or change to this Agreement must be made in writing and signed by all Parties.

10.    <u>Construction</u>.  The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto.  Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph.  No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

11.    <u>Governing Law</u>.  The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release effective on the date(s) set forth below.

Concrete Supply Company, Inc.

By: _____Burt Bailey_____

Title: _____Vice President_____

Date: _____8-15-17_____

Agreement.

8.    Entire Release.  Each Plaintiff affirms: that the only consideration for his decision to execute and his execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind that have caused him to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including, but not limited to, its final and binding effect; and that he has consulted legal counsel before executing the Agreement.

9.    Amendments.  Any modification or change to this Agreement must be made in writing and signed by all Parties.

10.    Construction.  The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto.  Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph.  No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

11.    Governing Law.  The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release effective on the date(s) set forth below.

Concrete Supply Company, Inc.

By:_____

Title:_____

Date: _____


_____
Jamie Anthony

Date: _7/31/2017_____

_John Battle Sr._

John Battle, Sr.

Date: _8-6-2017_


_____

Daniel Bright

Date: _____


_____

Titus Bussey

Date: _____


_____

Marvin Jarrett

Date: _____


_____

Kenneth Law

Date: _____


_____

Frederick Napier

Date: _____

_____

John Battle, Sr.

Date: _____

_____

Daniel Bright

Date: 7-31-17

_____

Titus Bussey

Date: _____

_____

Marvin Jarrett

Date: _____

_____

Kenneth Law

Date: _____

_____

Frederick Napier

Date: _____

_____

John Battle, Sr.

Date: _____

_____

Daniel Bright

Date: _____

*Titus Bussey*

Titus Bussey

Date: 7-27-17

_____

Marvin Jarrett

Date: _____

_____

Kenneth Law

Date: _____

_____

Frederick Napier

Date: _____

RECEIVED 08/01/2017 12:00 7709531358 HILLKERTSCHER WHARTON

_____

John Battle, Sr.

Date: _____



_____

Daniel Bright

Date: _____



_____

Titus Bussey

Date: _____



Marvin Jarrett

Date: 7/31/17



_____

Kenneth Law

Date: _____



_____

Frederick Napier

Date: _____

_____

John Battle, Sr.

Date: _____


_____

Daniel Bright

Date: _____


_____

Titus Bussey

Date: _____


_____

Marvin Jarrett

Date: _____


*Kenneth Law*

Kenneth Law

Date: 7-31-17


_____

Frederick Napier

Date: _____

FROM :                    FAX NO. :                    Aug. 01 2017 03:03PM P1

_____

John Battle, Sr.

Date: _____

_____

Daniel Bright

Date: _____

_____

Titus Bussey

Date: _____

_____

Marvin Jarrett

Date: _____

_____

Kenneth Law

Date: _____

Frederick Napier
Frederick Napier

Date: 7-31-17

_Darren N S_____

Darren Nelson

Date: _8/1/17_____


_____

Richard Peeples

Date: _____


_____

Kelvin Turner

Date: _____


_____

Hardy Usher

Date: _____


_____

Anthony White

Date: _____


_____

Octavius White

Date: _____

_____

Darren Nelson

Date: _____

_____

Richard Peeples

Date: _____8 -1 - 17_____

_____

Kelvin Turner

Date: _____

_____

Hardy Usher

Date: _____

_____

Anthony White

Date: _____

_____

Octavius White

Date: _____

Darren Nelson

Date: _____

Richard Peeples

Date: _____

Kelvin Turner

Date: ___7-31-17___

Hardy Usher

Date: _____

Anthony White

Date: _____

Octavius White

Date: _____

_____

Darren Nelson

Date: _____



_____

Richard Peeples

Date: _____



_____

Kelvin Turner

Date: _____


_____
Hardy Usher

Date: _8-1-17_____



_____

Anthony White

Date: _____



_____

Octavius White

Date: _____

_____
Darren Nelson

Date: _____


_____
Richard Peeples

Date: _____


_____
Kelvin Turner

Date: _____


_____
Hardy Usher

Date: _____


_____
Anthony White

Date: 8/7/17


_____
Octavius White

Date: _____

_____

Darren Nelson

Date: _____


_____

Richard Peeples

Date: _____


_____

Kelvin Turner

Date: _____


_____

Hardy Usher

Date: _____


_____

Anthony White

Date: _____


_____

Octavius White

Date: 8/2/17

_Charles F. Wilson_

Charles Wilson

Date: _8-2-17_

_____

Willie Wilson

Date: _____

Charles Wilson

Date: _____

Willie Wilson

Date: 2 Aug 17

## ATTACHMENT A

Name of Plaintiff:  Jamie Anthony

     (a)    Backpay in the gross amount of **$9,003.82** less required deductions and withholdings, for alleged unpaid wages.

     (b)    Liquidated damages in the amount of **$9,003.82**.

7/31/2017
Date

Jamie Anthony

## ATTACHMENT A

Name of Plaintiff:  John Battle, Sr.

(a)     Backpay in the gross amount of **$598.86** less required deductions and withholdings, for alleged unpaid wages.

(b)     Liquidated damages in the amount of **$598.86**.

8 - 7 - 2017

John Battle Sr.

Date                                                John Battle, Sr.

## ATTACHMENT A

Name of Plaintiff:  Daniel Bright

    (a)    Backpay in the gross amount of **$1,457.02** less required deductions and withholdings, for alleged unpaid wages.

    (b)    Liquidated damages in the amount of **$1,457.02**.

7-31-17
_____
Date

_____
Daniel Bright

## ATTACHMENT A

Name of Plaintiff:  Titus Bussey

(a)     Backpay in the gross amount of **$6,385.32** less required deductions and withholdings, for alleged unpaid wages.

(b)     Liquidated damages in the amount of **$6,385.32**.

_7-27-17_
Date

_Titus Bussey_
Titus Bussey

## ATTACHMENT A

Name of Plaintiff: Marvin Jarrett

    (a)    Backpay in the gross amount of **$2,558.20** less required deductions and withholdings, for alleged unpaid wages.

    (b)    Liquidated damages in the amount of **$2,558.20**.

7/31/17
Date

Marvin Jarrett

## ATTACHMENT A

Name of Plaintiff:  Kenneth Law

    (a)    Backpay in the gross amount of **$542.46** less required deductions and withholdings, for alleged unpaid wages.

    (b)    Liquidated damages in the amount of **$542.46**.

_____7-31-17_____
Date

Kenneth Law

RECEIVED  08/01/2017 14:51    7709531358              HILLKERTSCHER&HARTON
FROM :                       FAX NO. :                    Aug. 01 2017 03:02PM P1

## ATTACHMENT A

Name of Plaintiff: Frederick Napier

    (a)    Backpay in the gross amount of **$535.30** less required deductions and withholdings, for alleged unpaid wages.

    (b)    Liquidated damages in the amount of **$535.30**.

    7-31-17
Date

                                        *Frederick Napier*
                                        Frederick Napier

Date:   7-31-17

## ATTACHMENT A

Name of Plaintiff: Darren Nelson

    (a)    Backpay in the gross amount of **$4,550.66** less required deductions and withholdings, for alleged unpaid wages.

    (b)    Liquidated damages in the amount of **$4,550.66**.

_8/1/17_
Date

Darren Nelson

# ATTACHMENT A

Name of Plaintiff: Richard Peeples

   (a)    Backpay in the gross amount of **$4,645.73** less required deductions and withholdings, for alleged unpaid wages.

   (b)    Liquidated damages in the amount of **$4,645.73**.

_8-1-17_
Date

_Richard Peeples_
Richard Peeples

## ATTACHMENT A

Name of Plaintiff:  Kelvin Turner

(a)     Backpay in the gross amount of **$9,760.16** less required deductions and withholdings, for alleged unpaid wages.

(b)     Liquidated damages in the amount of **$9,760.16**.

_7-31-17_

Date

_Kelvin Turner_

Kelvin Turner

## ATTACHMENT A

Name of Plaintiff: Hardy Usher

(a)    Backpay in the gross amount of **$4,309.06** less required deductions and withholdings, for alleged unpaid wages.

(b)    Liquidated damages in the amount of **$4,309.06**.

8-1-17
_____
Date

Hardy Usher
_____
Hardy Usher

## ATTACHMENT A

Name of Plaintiff:  Anthony White

    (a)    Backpay in the gross amount of **$1,331.62** less required deductions and withholdings, for alleged unpaid wages.

    (b)    Liquidated damages in the amount of **$1,331.62**.

8/7/17
Date

Anthony White

# **ATTACHMENT A**

Name of Plaintiff:  Octavius White

(a)     Backpay in the gross amount of **$9,649.25** less required deductions and withholdings, for alleged unpaid wages.

(b)     Liquidated damages in the amount of **$9,649.25**.

8/2/17
_____
**Date**

_Octavius White_
**Octavius White**

## ATTACHMENT A

Name of Plaintiff: Charles Wilson

(a)    Backpay in the gross amount of **$3,841.86** less required deductions and withholdings, for alleged unpaid wages.

(b)    Liquidated damages in the amount of **$3,841.86.**

_8-2-17_

Date

*Charles F. Wilson*

Charles Wilson

# ATTACHMENT A

Name of Plaintiff: Willie Wilson

(a)     Backpay in the gross amount of **$5,580.68** less required deductions and withholdings, for alleged unpaid wages.

(b)     Liquidated damages in the amount of **$5,580.68**.


2 Aug 17

Date

_Willie Wilson_

Willie Wilson